UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATTHEW L. WILKS,

   Petitioner,

 v.            Case No. 24-cv-1394-pp

RICK WHITE,[1]

   Respondent.

---

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND DIRECTING PETITIONER TO RESPOND**

---

On October 30, 2024, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2020 conviction for first degree intentional homicide and possession of a firearm by a prohibited person. Dkt. No. 1. He has paid the $5 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases.

**I. Background**

The petition refers to <u>Wisconsin v. Wilks</u>, Case No. 2019CF003915, Milwaukee County Circuit Court (available at https://wcca.wicourts.gov/). The public docket for that case shows that on February 25, 2020, after a two-day trial, a jury convicted the plaintiff of first-degree intentional homicide and

---

[1] Rule 2 of the Rules Governing Section 2254 cases requires the petitioner to "name as respondent the state officer who has custody." The petitioner is incarcerated at Red Onion State Prison in Virginia. Dkt. No. 1 at 1. Rick White is the warden of that institution. The court will update the case caption accordingly.

1

possession of a firearm by a felon. Id. The court sentenced the defendant life in prison without eligibility for extended supervision. Id. It entered the judgment of conviction on July 29, 2020. Id. On November 16, 2021, the petitioner filed a motion for a new trial, arguing that his trial attorney "never told him that if he failed to testify that the court probably would not instruct the jury on self-defense." Dkt. No. 1 at 4. On January 28, 2022, the court denied that motion in part and ordered a Machner[2] evidentiary hearing be scheduled. Wilks, Case No. 2019CF003915. The hearing took place on March 29, 2022; the petitioner appeared by Zoom and testified. Id. On May 10, 2022, the court denied the petitioner's motion for a new trial. Id. The court of appeals affirmed, and on October 30, 2023, the Wisconsin Supreme Court denied the petitioner's petition for review. Id. The petitioner filed this federal *habeas* case one year later, on October 30, 2024.

**II.    Rule 4 Screening**

    A.    Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

---

[2] State v. Machner, 285 N.W.2d 905, 908-09 (Wis. Ct. App. 1979) (holding that a Wisconsin court cannot grant relief on an ineffective assistance of counsel claim unless it holds a hearing at which counsel testifies).

2

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition raises three grounds for relief: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct which the petitioner alleges denied him due process and (3) ineffective assistance of post-conviction counsel.[3] Dkt. No. 1 at 14–15. All three claims are cognizable on federal *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Whyte v. Winkleski, 34 F.4th 617 (7th Cir. 2022) (reviewing claim for ineffective assistance of appellate counsel).

The petition appears timely. Generally, a petitioner must file a *habeas* petition within one year after his conviction became final. See 28 U.S.C. §2244(d). The Wisconsin Supreme Court denied the petitioner's petition for review on October 30, 2023, which means that the petitioner's conviction would have become final ninety days later, on January 28, 2024. See United

---

[3] It is not clear from the petition how the petitioner believes his postconviction counsel was ineffective. He says only that "[a]fter Zoom frozen up several times in the middle of [his] testimony. Judge told [the petitioner] that he had a right to be present in court during the evidentiary hearing." Dkt. No. 1 at 15.

States Supreme Court Rule 13. In other words, the petitioner had until January 28, 2025 by which to file a federal *habeas* petition. He filed this petition on October 30, 2024, ninety days before his one-year limitation period expired.

It appears that the petitioner may have exhausted his first ground for relief in his motion for a new trial. The petition says that in that motion, he argued that "[t]rial attorney never told [the petitioner] that if he failed to testify that the court probably would not instruct the jury on self-defense." Dkt. No. 1 at 4. That sounds like a claim of ineffective assistance of counsel. It is less clear whether he has exhausted his claims of prosecutorial misconduct or ineffective assistance of postconviction counsel.

The petition states the prosecutorial misconduct claim this way:

> Prosecutor and [the petitioner's] public defender approached the Judge bench after recess. It was decided among them to have a on the record colloque [sic] for [the petitioner] to waive his rights to testify. During this very brief exchange the prosecutor remained silent. Soon after, the prosecutor stated that he don't see no need to instruct the jury on self-defense. The Judge then agreed.

Id. at 15. In describing his direct appeal, the petitioner stated that the ground he raised in his direct appeal was "[w]aiver colloquy was defective." Id. at 3. The court cannot determine whether the plaintiff raised a prosecutorial misconduct claim on direct appeal, or whether he argued some other defect in the waiver colloquy.

As for his ineffective assistance of postconviction counsel claim, as best the court can tell, the petitioner means to argue that his lawyer was ineffective for not advising him that he had a right to be present in person (rather than by

5

Zoom) for the Machner hearing (and that the Zoom connection froze more than once during his testimony). Id. at 15. The publicly available state docket reflects that on May 13, 2022, the petitioner filed a notice of appeal from the court's denial of his postconviction motion, that the court of appeals affirmed and that the Wisconsin Supreme Court denied the petition for review Wilks, Case No. 2019CF003915. But the petition does not explain what issue or issues the petitioner raised in his appeal from the denial of his post-trial motion. And "[t]o raise a claim of ineffective assistance of postconviction counsel, a criminal defendant must file a petition for habeas corpus or a Wis. Stat. § 924.06 motion in the trial court." Chambers v. Fuchs, Case No. 21-CV-1420, 2022 WL 326729, at *2 (E.D. Wis. Feb. 3, 2022) (citing State *ex rel.* Rothering v. McCaugtry, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996)). The publicly available state docket does not contain such a motion.

A petitioner is required to exhaust his claims by presenting them to the state court before he can seek federal *habeas* review. Woodford v. Ngo, 548 U.S. 81, 92 (2006). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts,

his petition must be denied without considering its merits"). A claim is not "exhausted" if the petitioner still "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If the petitioner wishes to raise prosecutorial misconduct or challenge his postconviction counsel's performance, he first must raise those claims in the state court and litigate them through a full round of appellate review.

A federal court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). In Lundy, the Supreme Court required district courts to dismiss "mixed petitions" without prejudice and allow the petitioners to return to state court and exhaust the unexhausted claims. Id. (citing Lundy, 455 U.S. at 522). About fifteen years later, however, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), which required an incarcerated person to file a federal *habeas* petition within one year of the date on which the state court judgment becomes final. Id. (citing 28 U.S.C. §2244(d)). Recognizing that if a district court dismissed a "mixed petition" and required a petitioner to return to state court, the petitioner might be barred from returning to federal court by the AEDPA statute of limitations, the Supreme Court concluded that a district court could, if it chooses to, stay the federal *habeas* case (rather than dismissing it) and allow the petitioner to return to state court without losing his ability to seek federal *habeas* review. Id. at 276 (citations omitted).

7

The Supreme Court has cautioned that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277. Even if a petitioner shows good cause, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. Finally, the Court has instructed district courts that they should not stay mixed petitions "indefinitely." Id. The Court has held that "district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

Because the petitioner appears to have filed a mixed petition, the court could dismiss the entire petition without prejudice. But if the court were to do that, it is likely that by the time the petitioner returned to state court and litigated his unexhausted claims to the highest level of the state court system, his one-year period for filing for federal *habeas* relief would have expired on the exhausted claim(s).

As stated, courts may stay claims if dismissing the petition would jeopardize the petitioner's ability to later file a timely habeas petition. Rhines, 544 U.S. at 275. But the petitioner must establish good cause for staying his claims while he exhausts his state court remedies. Id. at 277. The petitioner has not provided the court with any information about why he did not present his prosecutorial misconduct or ineffective assistance of postconviction counsel claims to any state court for appeal or postconviction review, so the court cannot determine whether he has "good cause" for his failure to present his

8

unexhausted claims to the state courts or whether the court has "good cause" for granting a stay under Rhines.

The court will offer the petitioner a choice. The petitioner may withdraw his unexhausted claims, after which the petition no longer would be mixed and the petitioner could proceed immediately with his exhausted claim. The petitioner should be aware that by choosing this option, he could lose his opportunity to seek federal *habeas* review of his unexhausted claims. See Lundy, 455 U.S. at 520–21.

The second option is for the petitioner to ask the court to stay further proceedings on his federal petition and hold the federal case in abeyance while he exhausts his unexhausted claims in the state courts. After the state court proceedings—including appeals—have concluded, the petitioner could return to federal court. This second choice would preserve the petitioner's opportunity for federal review of all his claims, although it would result in some delay in the court's adjudication of his exhausted claim. If the petitioner chooses the second option, he also must show good cause for court to stay action on his petition. Rhines, 544 U.S. at 277.

The court will give the petitioner the opportunity to choose one of the above options with regard to his federal *habeas* petition. If the petitioner does not select either the option of abandoning his unexhausted claims or the option of requesting a stay, the court will be forced to dismiss the petition entirely, because a federal court cannot rule on a petition that contains both exhausted and unexhausted claims.

9

### III. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Rick White is the correct respondent.

The court **ORDERS** that by the end of the day on **June 20, 2025**, the petitioner must file a written document with the court advising the court whether he chooses to withdraw his unexhausted claims and proceed only on his first claim, or whether he chooses to request a stay and abeyance of this federal case so that he may attempt to exhaust his unexhausted claims in state court.

The court **ORDERS** that the petitioner must file this document in time for the court to *receive it* by the end of the day on **June 20, 2025**. If, by the end of the day on June 20, 2025, the court has not received from the petitioner a written document choosing one or the other of the options the court has described, the court will dismiss the petition without prejudice.

Dated in Milwaukee, Wisconsin this 21st day of May, 2025.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**