UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW WILKS,

        Petitioner,

v.                                      Case No. 24-cv-1394-pp

RICK WHITE,

        Respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE (DKT. NO. 8) AND ADMINISTRATIVELY CLOSING CASE

On October 30, 2024, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2020 conviction for first degree intentional homicide and possession of a firearm by a prohibited person. Dkt. No. 1. The court reviewed the petition and determined that the petitioner had not exhausted his prosecutorial misconduct or ineffective assistance of postconviction counsel claims. Dkt. No. 7. The court ordered the petitioner to file a response "advising the court whether he chooses to withdraw his unexhausted claims and proceed only on his first claim, or whether he chooses to request a stay and abeyance of this federal case so that he may attempt to exhaust his unexhausted claims in state court." Id. at 10.

On June 26, 2025, the court received from the petitioner a letter requesting a stay and abeyance. Dkt. No. 8. The court will construe this letter

1

as a motion for stay and abeyance, grant the stay and hold this case in abeyance pending the outcome of the petitioner's state court proceedings.

I.     **Motion for Stay**

As the court explained in its prior order, under 28 U.S.C. §2254(b)(1)(A), this federal court cannot grant *habeas* relief until a petitioner first has exhausted his available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to allow the petitioner to go back to state court to exhaust his remedies; or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005).

A stay is available only in limited circumstances. Rhines, 544 U.S. at 270. The Supreme Court has explained that "[s]taying a federal habeas petition frustrates AEDPA's [Antiterrorism and Effective Death Penalty Act] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. Consequently, the court may issue a stay only when (1) the petitioner demonstrates good cause for failing to exhaust his claims first in state court; (2) the unexhausted claims

are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. Yeoman v. Pollard, 875 F.3d 832, 837 (7th Cir. 2017) (citing Rhines, 544 U.S. at 277–28).

In his letter, the petitioner states that he can show good cause because there are several reasons why he has not been able to exhaust his claims in state court. Dkt. No. 8. He argues that he lacks funds to hire private *habeas* counsel, and that his appointed post-conviction counsel did not respond to his calls or letters and failed to present post-conviction claims to the court of appeals or the Supreme Court. Id. at 1–2. "[A] petitioner may be able to establish good cause by showing that, because of his counsel's ineffective assistance, he could not exhaust his state court remedies." Yeoman v. Pollard, Case No. 14-CV-225, 2015 WL 4600851, at *2 (E.D. Wis. July 28, 2015), aff'd, 875 F.3d 832 (7th Cir. 2017) (citations omitted).

The petitioner also argues that issues stemming from his incarceration have prevented him from pursuing his post-conviction remedies. Specifically, he says that the prison does not provide sufficient legal materials relevant to *habeas* petitions, does not have an in-person law library and does not provide access to search Wisconsin case law. Dkt. No. 8 at 2. He alleges that the prison mail system causes delays, resulting in his missing time-sensitive deadlines, and that long prison lockdowns prevent him from using the phone or other means to investigate his postconviction claims. Id. at 1–2. The court finds that the combination of the petitioner's

3

difficulty communicating with his postconviction counsel and his challenges litigating his case on his own constitutes good cause for his failure to exhaust.

The petition raises three grounds for relief: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct which the petitioner alleges denied him due process and (3) ineffective assistance of post-conviction counsel. Dkt. No. 1 at 14–15. All three claims are cognizable on *habeas* review. See Perruquet v. Briley, 390 F.3d 505, 510 (7th Cir. 2004) (explaining that due process entitles a criminal defendant to a fair trial); Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel); Whyte v. Winkleski, 34 F.4th 617 (7th Cir. 2022) (reviewing claim for ineffective assistance of appellate counsel). Liberally construing the factual allegations in the petition, the court finds that the petitioner's claims, though somewhat vague, are not plainly meritless.

The petitioner has shown good cause for failing to raise his claims in state court, and those claims are not plainly meritless. Nothing in the record suggests that the petitioner has engaged in dilatory litigation tactics. The court will grant the petitioner's motion to stay and hold this case in abeyance while the petitioner returns to state court to exhaust his claims.

For now, the court will administratively close the case (with the parties retaining all the rights they would have had had the case not been closed for administrative purposes) until the petitioner notifies the court that his state court proceedings have concluded. As soon as the state court litigation is

4

complete, the petitioner may file a one-sentence motion with this court in this case—Case No. 24-cv-1394—asking the court to reopen the case and lift the stay. The court will grant that motion, and the filing date for the petition will remain October 30, 2024 (the date the petitioner filed his original petition). In other words, the administrative closure and subsequent reopening will not change the fact that, for statute of limitation purposes, the petitioner filed his petition on October 30, 2024.

## II. Conclusion

The court **GRANTS** the petitioner's motion to stay and hold this case in abeyance. Dkt. No. 8.

The court **ORDERS** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED**. Within thirty days of the conclusion of his state court proceedings, the petitioner may file a motion to lift the stay and reopen the case (following the instructions the court has provided in this order).

Dated in Milwaukee, Wisconsin this 22nd day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**