UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW L. WILKS,

    Petitioner,

v.

    Case No. 24-cv-1394-pp

RICK WHITE,

    Respondent.

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 11)**

On October 30, 2024, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2020 conviction for first degree intentional homicide and possession of a firearm by a prohibited person. Dkt. No. 1. On May 21, 2025, the court screened the petition and determined that the petitioner had exhausted his ineffective assistance of trial counsel claim but had not exhausted his prosecutorial misconduct or ineffective assistance of postconviction counsel claims. Dkt. No. 7 at 6–7. The court explained that it could not review a petition containing both exhausted and unexhausted claims. The court ordered the petitioner to

> file a written document with the court advising the court whether he chooses to withdraw his unexhausted claims and proceed only on his first claim, or whether he chooses to request a stay and abeyance of this federal case so that he may attempt to exhaust his unexhausted claims in state court.

1

Id. at 10. The court stated that if the petitioner did not file this document in time for the court to receive it by the end of the day on June 20, 2025, the court would dismiss the petition without prejudice.

On June 26, 2025, the petitioner filed a response stating that he would like to stay his federal petition while he returned to the state court on his unexhausted claims. Dkt. No. 8. On July 22, 2025, the court found that the petitioner had shown good cause for failing to raise the claims in state court and determined that the claims were not plainly meritless. Dkt. No. at 4. The court granted the motion to stay and hold the case in abeyance while the petitioner returned to the state court. Id. The court administratively closed the case until the petitioner notifies the court that his state proceedings have concluded. Id.

On August 11, 2025, the court received from the petitioner a motion to appoint counsel. Dkt. No. 11. He isn't asking the court to appoint counsel to assist him with this federal *habeas* petition, but rather to appoint counsel to help him in the Wisconsin state courts. The petitioner, who is incarcerated at Red Onion State Prison in State Farm, Virginia, says that the prison "do[es] not have in person law library nor Wisconsin case law for inmate to investigate" and that those "obstacles in place make the chance for a successful petition impossible without assistance. Id. at 1.

This federal case currently is administratively closed, so there is nothing for an appointed lawyer to do in it. Even if the federal case were open, there is no statutory or constitutional right to court-appointed counsel in federal civil

litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases.

And this *federal* court does not have the authority to appoint lawyers to represent people in *state* court. The petitioner can ask the *state* court to appoint him a lawyer, or he may contact the state public defender and ask for representation. But this *federal* court cannot appoint a lawyer to represent the petitioner in his *state-court* litigation.

Once the petitioner finishes with his state-court litigation and reopens this federal *habeas* proceeding, he may renew his request for appointment of counsel. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). But the petitioner should be aware that when evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

To satisfy the first step, the court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a

3

reasonable attempt to hire counsel on his own and provide the court with (1) the lawyers' names, (2) their addresses, (3) how and when the petitioner attempted to contact the lawyer, and (4) the lawyers' responses.

If the petitioner wants to renew his request when he returns to federal court, he first will have to show this court that he made a reasonable attempt to find a lawyer on his own. Simply stating that he cannot afford counsel, or that he isn't trained in the law, will not be enough. Second, he must show why he is one of those litigants most in need of assistance to litigate his case adequately. Only when the petitioner has demonstrated both those things will the court consider recruiting counsel to represent him.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 11.

Dated in Milwaukee, Wisconsin this 21st day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**